IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIFFANY BAILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FINANCIAL CREDIT | ) |
| SERVICE, INC. | ) |
| d/b/a ASSET RECOVERY | ) |
| ASSOCIATES AND d/b/a ARA, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, TIFFANY BAILEY, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, FINANCIAL CREDIT SERVICE, INC. d/b/a ASSET RECOVERY ASSOCIATES AND d/b/a ARA, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. TIFFANY BAILEY, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Dothan, County of Houston, State of Alabama.

1

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Credit Acceptance Corporation (hereinafter, "CAC").

6. The debt that Plaintiff allegedly owed CAC was for an automobile loan, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. FINANCIAL CREDIT SERVICE, INC. d/b/a ASSET RECOVERY ASSOCIATES AND ARA, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Alabama. Defendant is incorporated in the State of Illinois.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about June 6, 2011, Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that he was calling to collect a debt allegedly owed by Plaintiff to CAC.

15. The aforesaid telephone conversation was Defendant's initial communication with Plaintiff.

16. During the course of the aforesaid telephone call, Defendant informed Plaintiff that if she did not pay the debt she allegedly owed then Defendant would place a lien on Plaintiff's home.

17. Defendant further informed Plaintiff that if it placed a lien on her home she would not be able to resell or refinance her home.

18. During the aforesaid telephone call, Defendant told Plaintiff that it had a lawyer in its office who was prepared to place a lien on Plaintiff's home if she refused to pay the debt she owed to CAC.

19. At the time Defendant made the aforementioned threat to place a lien on Plaintiff's home, no lawsuit had been filed against Plaintiff for the debt she allegedly owed.

20. At the time Defendant made the aforementioned threat to place a lien on Plaintiff's home, no judgment had been entered against Plaintiff for the debt she allegedly owed.

21. Defendant could not place a lien on Plaintiff's home with respect the debt she allegedly owed without Defendant first having secured a judgment against Plaintiff for the alleged debt.

22. Defendant's representations, during the aforesaid telephone call, as delineated above, caused Plaintiff to become anxious that if she did not pay the debt she allegedly owed to CAC then she would never be able to sell or refinance her home.

23. During the course of the aforesaid telephone conversation between Plaintiff and Defendant, Plaintiff expressed to Defendant that she did not want a lien to be placed on her home.

24. During the course of the aforesaid telephone call between Plaintiff and Defendant, Defendant advised Plaintiff that if she did not pay the debt she owed then in addition to the lien that would be placed on her home Defendant would also file a lawsuit against her.

25. Defendant further advised Plaintiff that Defendant's attorneys were prepared to file a lawsuit against Plaintiff.

26. Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

27. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

28. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

29. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

30. Upon information and belief, at the time of making the aforementioned threat, Defendant could not legally file a lawsuit against Plaintiff because the statute of limitations passed with respect to the putative lawsuit that Defendant could have filed against Plaintiff in relation to the debt she allegedly owed to CAC.

31. During the course of the aforesaid telephone call between Plaintiff and Defendant, Defendant further informed Plaintiff that if she did not pay the debt on which it was attempting to collect then Defendant would report the debt Plaintiff owed on her credit report.

32. Defendant's statement, as delineated in the previous paragraph, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay the debt she allegedly owed, then Defendant would report the debt to one or more "consumer reporting agency" as that term is defined by §1681a(f) of the Fair Credit Reporting Act, (hereinafter, FCRA). 15 U.S.C. §1681 *et seq.*

33. Defendant's statement, as delineated above, had the effect of conveying to an unsophisticated consumer that at the time of the representation, the debt on which Defendant was attempting to collect did not appear on Plaintiff's credit report.

34. Based on Defendant's representations as delineated above, Plaintiff believed that the debt on which Defendant was attempting to collect did not appear on her credit report.

35. Based on Defendant's representations, as delineated above, Plaintiff believed that if she did not pay the debt she allegedly owed, Defendant would report the debt to one or more consumer reporting agencies.

36. Defendant's statement, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay the debt she allegedly owed, then the debt would appear on Plaintiff's credit report.

37. Based on Defendant's representations as delineated above, Plaintiff believed that if she did not pay the debt she allegedly owed, the debt would appear on her credit report.

38. Defendant's statement, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay the debt she allegedly owed, the non-payment of said debt would have a detrimental effect on Plaintiff's credit score.

39. Based on Defendant's representations as delineated above, Plaintiff believed that if she did not pay the debt she allegedly owed, the non-payment of said debt would have a detrimental effect on her credit score.

40. Pursuant to 15 U.S.C. § 1681c(a)(4), a consumer reporting agency is precluded from making a consumer report containing "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years."

41. Pursuant to 15 U.S.C. § 1681c(b), the following debts are exempted from the seven (7) year limitation period for the reporting of accounts placed for collection or charged to profit and loss that antedate the report by more than seven (7) years:

   i. A credit transaction involving, or which may reasonably be expected to involve, a principal amount of $150,000 or more;

   ii. The underwriting of life insurance involving, or which reasonably be expected to involve, a face amount of $150,000 or more; or

   iii. The employment of any individual at an annual salary which equals, or may reasonably be expected to equal $75,000, or more.

42. The debt on which Defendant was attempting to collect from Plaintiff was for a credit transaction for less than a principal amount of $150,000.

43. The debt on which Defendant was attempting to collect from Plaintiff was not relative to a life insurance policy.

44. The debt on which Defendant was attempting to collect from Plaintiff was not relative to employment.

6

45. The debt on which Defendant was attempting to collect from Plaintiff was not a debt that falls within any of the aforementioned categories such that it would be exempted from the seven (7) year limitation period for the reporting of accounts placed for collection or charged to profit and loss that antedate the report by more than seven (7) years.

46. At the time Defendant made the aforementioned representations, i.e., that it would report to the credit reporting agencies the debt allegedly owed by Plaintiff, the account relative to the debt on which Defendant was attempting to collect antedated the applicable reporting period by more than seven (7) years.

47. Defendant's representations, as delineated above, were false, deceptive, and/or misleading given that even if Defendant reported to the consumer reporting agencies information relative to the debt Plaintiff allegedly owed, said information would not appear on Plaintiff's credit report as the consumer reporting agencies would be precluded from making any credit reports including information about said debt.

48. Defendant's representations, as delineated above, were false, deceptive, and/or misleading given that even if Defendant reported to the consumer reporting agencies information relative to the debt Plaintiff allegedly owed, said information would be unlikely to appear on Plaintiff's credit report as the consumer reporting agencies would be precluded from making any credit reports including information about said debt.

49. Defendant's representations, as delineated above, misrepresented the character, amount, and/or legal status of the debt allegedly owed by Plaintiff as Defendant implied that the debt would appear on Plaintiff's credit report and have a detrimental affect on Plaintiff's credit score when in fact, the consumer reporting agencies would be precluded from reporting said debt pursuant to § 1681c(a)(4) of the FCRA.

50. Defendant's representation, as delineated above, were statements made, the natural consequence of which was to harass and/or abuse the Plaintiff.

51. At the time Defendant made the representations regarding the reporting to the consumer reporting agencies of the debt Plaintiff allegedly owed, Defendant had neither the intent nor the authority to report said debt to the consumer reporting agencies.

52. Defendant's representations, as delineated above, were unfair and unconscionable as the threat to report to the consumer reporting agencies the debt allegedly owed by Plaintiff was a hollow threat made only to intimidate Plaintiff into making payment against said debt.

53. During the course of the aforesaid telephone conversation between Plaintiff and Defendant, Plaintiff asked Defendant if the debt could still be reported on her credit report.

54. Defendant responded to Plaintiff's question by advising Plaintiff that the lawyers in Defendant's office were able to have the debt appear on Plaintiff's credit report.

55. Defendant then reaffirmed to Plaintiff that if she did not pay the debt on which it was attempting to collect then the debt would appear on her credit report.

56. Due to Defendant's representations during the aforesaid telephone call, as delineated above, Plaintiff believed that she had no choice but to enter into a payment plan with Defendant to pay the debt she allegedly owed.

57. Due to Defendant's representations during the aforesaid telephone call, as delineated above, Plaintiff became scared that if she did not enter into a payment plan with Defendant then Defendant would place a lien on her home.

58. Due to Defendant's representations during the aforesaid telephone call, as delineated above, Plaintiff became scared that if she did not enter into a payment plan with Defendant then Defendant would file a lawsuit against her.

59. Due to Defendant's representations during the aforesaid telephone call, as delineated above, Plaintiff became scared that if she did not enter into a payment plan with Defendant then the debt she allegedly owed to CAC would appear on her credit report.

60. Due to Defendant's representations, as delineated above, during the course of the aforesaid telephone call, Plaintiff provided Defendant with her bank account information so that Defendant could debit payments from Plaintiff's bank account.

61. Subsequent to the aforesaid telephone conversation, on or about June 6, 2011, Defendant sent Plaintiff a correspondence relative to the debt she allegedly owed to CAC.

62. In the aforesaid correspondence, Defendant provided Plaintiff with the terms of the payment plan that were entered into between the parties during the aforesaid telephone call.

63. In the aforesaid correspondence, Defendant did not advise Plaintiff that she had thirty days after Defendant's initial communication with Plaintiff to dispute the validity of the debt or any portion thereof or otherwise Defendant would assume the debt to be valid.

64. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt with a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

65. In its attempts to collect the debt allegedly owed by Plaintiff to CAC, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

> a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;
>
> b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);
>
> c. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of

      any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

d. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

e. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

f. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

g. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

h. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

66. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

67. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TIFFANY BAILEY, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

                                        Respectfully submitted,
                                        **TIFFANY BAILEY**


                              By:    s/ David M. Marco
                                        Attorney for Plaintiff

Dated: January 16, 2012

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:       dmarco@smithlaw.us

11